## FIRST STATE BANK OF MUNDAY v. ALBRACHT et al.

### No. 714.

Court of Civil Appeals of Texas. Eastland.

June 27, 1930.

Rehearing Denied July 11, 1930.

M. F. Billingsley, of Munday, for appellant.

D. J. Brookreson, of Benjamin, for appellees.

LESLIE, J.

This is a suit by Henry Albracht et al. to recover rents alleged to be due them for the years 1926 and 1927 on a farm owned by them in Knox county, Tex. A judgment in their favor was rendered against Joe Mc-Graw for the sum of $500, the alleged rent for 1926, and against said McGraw and the First State Bank of Munday for $1,201.56, the alleged rent for 1927. The bank alone appeals.

On the trial below, defendant McGraw claimed the $1,201.56, alleging that he rented the farm from the Albrachts for 1927, agreeing to pay them the sum of $500 as rent, and contending that the $1,201.56 was due him directly by a subtenant who cultivated the land for that year.

The facts out of which the lawsuit developed are these: Prior to 1927, McGraw negotiated with the Albrachts to rent the farm for that year. He had previously rented the farm from them. One T. W. Trammell, about the same time, also negotiated with the Albrachts to rent the farm for 1927, and it is their contention in this suit that they did rent the same direct to Trammell upon the terms that he pay the usual crop rentals on the cotton and feed produced on the farm. Trammell, who occupied the premises the previous year as a subtenant of McGraw, remained on the premises, cultivating the land, and, when he began to market the crops, the defendant McGraw appeared on the scene and demanded from him the rents for the current year. Trammell, confronted with the conflicting claims of the Albrachts and McGraw, became doubtful as to who was entitled to the rent, and in that situation it was agreed by the contending parties that the sums derived from the sale of the rent cotton should be deposited with the First State Bank of Munday, appellant, pending the settlement of the controversy between the Albrachts and McGraw.

It is alleged, and the undisputed testimony supports the allegation, that the bank accepted the deposit and agreed to hold the same until the controversy was settled, and to deliver the money to the contesting party determined to be legally entitled thereto.

The issue as to the ownership of the $1,201.56, cotton rent, as between the Albrachts and McGraw, was clearly drawn, both by pleadings and testimony. The court's charge embodied but two issues, and no objections were urged by either of the defendants to the submission of the same, or the form thereof. Neither defendant requested the submission of any issue specially designed to present any special defense set forth in their respective answers. In answer to the special issues, the jury found that the Albrachts did not rent the farm to Joe McGraw for the year of 1927, and, in answer to the second issue, that McGraw did not own the improvements situated upon the farm.

In this connection it will be noted that the bank answered by general denial and a special plea to the effect that it was without any notice of the plaintiffs' claim to said sum of money, that it handled the deposit as such accounts are ordinarily handled by banks; and it further alleged that McGraw in fact did rent the Albracht farm for the year of 1927, and that the rents collected therefrom were deposited in the bank to the credit of McGraw, and that he applied the sum of $779.10 to a note owed by him to the defendant bank, and that he checked out the remainder in the regular course of business.

Although the bank made this character of answer, nevertheless it did not offer the testimony of any of its officials, and no effort was made by it to controvert the testimony of

the witness D. J. Brookreson, who testified positively and unequivocally to the arrangements and the agreement between the contending parties and the bank to the effect that the rent money was deposited with the bank on an understanding with it, as heretofore detailed, that the same should be retained and ultimately paid to the one ascertained to be entitled thereto. These facts we regard as established by the uncontroverted testimony. The bank rested its contentions exclusively on the testimony offered in support of McGraw's theory of the case, and evidently the bank does not and did not consider itself entitled to any part of the funds deposited with it except that McGraw's right thereto should be established, in which event the bank's right to the fund, or a part thereof, would accrue through and by virtue of an alleged mortgage from McGraw to the bank. That such a mortgage is alleged there is no proof that such existed, and in any event McGraw's right to the sum of money so deposited with the bank is conclusively settled adversely to his claim by the answer of the jury to the effect that the Albrachts did not rent the farm to him for the crop season of 1927. In all other respects the testimony is conclusive that they did rent the farm direct to the tenant Trammell, who deposited the rents with the appellant bank.

McGraw has not appealed from the judgment or any part thereof, and, the evidence being sufficient to support the verdict of the jury and the judgment rendered thereon, we are of the opinion that appellant's propositions challenging the sufficiency of the testimony to support the verdict and judgment should be overruled, and that the judgment of the trial court should be affirmed as against the bank and left undisturbed as to McGraw.

The defendant presents other propositions to the effect that the petition or declaration in the case counts on the conversion of the funds strictly, and that the testimony is insufficient to support recovery, in that the element of demand for the funds and the refusal of the bank to surrender the same were not established as a prerequisite to the suit. Regarding the suit as one truly in conversion, it may be subject to some of the criticism suggested by the appellant. But we do not regard this as strictly a suit in trover and conversion. In any event, this form of action is not followed so technically under our procedure, and we do not believe there is any validity in the appellant's insistence that the appellees should have made a demand upon the bank and been refused the money before this suit was instituted. Our conclusion is based upon the fact that the un-

disputed testimony, and especially the agreement, by which the money was deposited with the bank, was to the effect that it should retain the same and deliver it, either to Albracht or McGraw, accordingly as the one or the other showed himself entitled thereto. Until the judgment in this case became final as to McGraw, we do not believe that the plaintiffs had any right to demand of the bank the funds in controversy. Under these circumstances it is difficult to see how the bank could have been expected to relinquish the funds until the controversy which caused them to be deposited therein had been adjudicated. The bank was made a party defendant, but theoretically at least it was a stakeholder, and it elected to file an answer containing a general denial and the special pleas heretofore noted. By so doing it assumed the attitude of an adversary toward plaintiffs, rather than an impartial stakeholder, and it became necessary for the plaintiffs to establish their right to the money as against the similar and practically identical claims of both McGraw and the bank. The bank's attitude in this respect becomes material, however, only in the matter of adjudicating the costs. Had it answered as an impartial stakeholder, it could have avoided the costs incident to this litigation and recovered a reasonable attorneys' fee.

Further, the defendants offered no proof upon the trial in support of those allegations that $779.10 of said funds was applied to the payment of a debt owed by McGraw to the bank, or that the balance was checked out by McGraw, and, for aught the record shows, at the filing of the suit and at the date of the judgment, the money remained with the bank to be disposed of, according to the uncontroverted testimony of the witness Brookreson. The propositions here under consideration are likewise overruled.

We have deemed it wise not to pursue and emphasize the technical objections urged to the alleged form of the action instituted by the plaintiffs, and have concluded to decide the vital questions at issue between the parties rather than to send the case off on a mere question of pleadings deemed by us reasonably sufficient, and which were not challenged below by either general or special demurrer. At least, there is not incorporated in this record any order showing that any demurrers were ever called to the attention of the trial court and insisted upon by either defendant.

The defendant McGraw not having appealed, the entire judgment as to him remains undisturbed, and, for the reasons assigned, the judgment of the trial court is affirmed as against the bank. It is so ordered.